ED BOWMAN v. STATE.

No. A-628. Opinion Filed June 6, 1911.

*Appeal from County Court, Tulsa County; N. J. Gubser, Judge.*

Ed Bowman was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

*Ramsdale & Brown,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for defendant in error.

PER CURIAM. Plaintiff in error was tried in the county court of Tulsa county, on the 6th day of December, 1909, on a charge of selling intoxicating liquor, the allegation in the information being that one J. F. Thompson and plaintiff in error sold one half-pint of whisky. On the 10th day of December he was sentenced by the court to pay a fine of five hundred dollars and costs, and be confined in the county jail for six months.

Two witnesses were introduced on behalf of the state, and none by the defendant. The first witness was Tom Laster, his testimony in chief being as follows:

"Q. You state, Mr. Laster, that the first time you saw Mr. Bowman was about eight o'clock on the night of September 16th, sitting in front of the door of a restaurant on Main St. in the city of Tulsa. You have also stated that you went into this restaurant two different times that night, and bought a half-pint of whisky on one occasion, and then went back again, at which time you arrested the man Thompson, and Thompson called the defendant into the restaurant. Is that right? A. Yes, sir. Q. State, if anything, what was said. A. Thompson said, 'This fellow says he is a deputy sheriff, and has arrested me; and Bowman says, 'I can't help it.' Q. What happened then? A. I held him

for a few minutes and Mr. Newblock came from across the street, and we went back of the stove to see if we could find any more whiskey, but couldn't, so brought him to jail. Q. Where was Bowman at that time? A. In the building. Q. I will ask you how much whisky you bought of Thompson? A. A half a pint and arrested him with a bottle in his hand ready to sell it. (Defendant objects to this and moves that it be stricken out. Motion sustained.) Q. Do you know what he was going to do with the other bottle that he had in his hand? (Defendant objects to the question as calling for a conclusion of the witness. Objection sustained.) Q. You say he had a bottle in his hand, Mr. Laster? A. Yes, sir. Q. State whether there had been any conversation concerning that bottle. A. Yes, sir. I asked him if he had any more whisky. He says, 'Yes, how much do you want?' I say, 'A half-pint.' Q. What did he do then, if anything? A. Went behind the bar and got it and laid it upon the counter and still had his hand on it when I took hold of him and arrested him. Q. Was anything paid for that half-pint of whisky? A. Not for that one. Q. Did you pay for any half-pint bottle? A. Yes, sir; I paid fifty cents for the first one. Q. What county did this take place in? A. Tulsa county. Q. What year? A. 1909. Q. What month? A. September. Q. What day of the month? A. 16th."

The second witness, D. F. Pettis, testified as follows:

"Q. State your name? A. D. F. Pettis. Q. Where do you live? A. Tulsa, Oklahoma. Q. What is your business? A. I am in the real estate business. Q. Do you know Ed Bowman? A. Yes, sir. Q. Mr. Pettis, I will ask you if you know where the defendant Ed Bowman had a place of business during the month of September, this year? A. Yes, sir. Q. Just state to the jury where it was? A. It was on north Main street by the Brady hotel. Between there and the next brick building up this way on part of lot 1, I believe, block sixty. Q. What sort of a building was it? A. A little frame or box building. Shanty we call it. Q. Which side of the street was it on? A. On the west side of the street fronting east. Q. How far from the Moore hotel? A. About one hundred and twenty-five feet. Q. On which side of the street with reference to that? A. On the same side of the street. Q. Did you own the property? A. No. Q. Have it in charge? A. Yes, sir. I was agent. Q. Did you know who collected the rent from it in August? A. I collected the rent for the ground. Didn't have charge of the building. Q. Who did you collect the rent for the ground from? A. Ed Bowman. Q. When did he pay it? A. During the month of

September. There was some back rent due and he paid me about the 13th of September for the balance of August. That was all I got. That is, at that time. Q. Do you know how long he had been paying that ground rent there? A. About a year. Q. Was there any other piece of property that he paid you rent for in that block? A. No, sir. Q. That is the only one? A. Yes, sir."

It is clear from the foregoing testimony that Thompson sold the witness the whisky in question. There is nothing whatever in the record connecting Bowman with the sale or with Thompson's business. The judgment is wholly unsupported by the evidence.

This cause is reversed and remanded.